OPINION *Page 2 
{¶ 1} Defendant-Appellant Leeshawn Porrata ("Porrata") appeals from the July 17, 2007 Judgment Entry and the October 3, 2007 Amended Judgment Entry of the Court of Common Pleas of Mercer County, Juvenile Division, denying her motion to dismiss the parties' shared parenting plan for lack of jurisdiction.
 {¶ 2} On April 26, 2006 Plaintiff-Appellee Lanelle Pearl ("Pearl") filed a motion for shared parenting. This motion was allegedly signed by both Pearl (father) and Porrata (mother), the parents of the parties' minor daughter. Attached to the motion was a copy of the parties' shared parenting plan, which specifically set forth an allocation of parental rights and responsibilities for the care of the parties' minor daughter. On April 27, 2006 the juvenile court issued an entry approving the parties' shared parenting plan and adopting it as an order of the court.
 {¶ 3} On or about May 25, 2006 Porrata went to Celina, Ohio to pick up her daughter from school, however, school officials would not permit her to do so pursuant to the terms of the shared parenting order. Pearl subsequently allowed Porrata to take their daughter to Chicago for visitation. However, on June 12, 2006 Pearl filed a motion and affidavit for temporary custody alleging that Porrata had absconded with the minor child and that her whereabouts were unknown, *Page 3 
although believed to be in the Chicago area. In his affidavit, Pearl also stated "[t]hat he is the father and the Defendant, Leeshawn Porrata, is the mother" of the parties' daughter, age 6.
 {¶ 4} On June 12, 2006 the juvenile court issued an Ex Parte Judgment Entry and Temporary Orders wherein the court stated, in relevant part, as follows:
 This day this matter came before the Court on the written Motion and Affidavit of the Plaintiff, Lanelle Pearl. Based on the same and for good cause shown, the Court enters the following EX PARTE-TEMPORARY ORDERS:
 1. The Plaintiff, Lanelle Pearl is designated Residential Parent and Legal Custodian of the parties' child . . .
 2. The Defendant, Leeshawn Porrata is ordered to immediately deliver custody of [the parties' child] to the Plaintiff, Lanelle Pearl.
 {¶ 5} On July 7, 2006 Porrata filed a motion to vacate orders and dismiss for want of jurisdiction alleging lack of personal jurisdiction and improper venue.[1] Specifically, Porrata alleged that her signature had been forged on the motion for shared parenting. On July 11, 2006 the juvenile court issued a Judgment Entry staying its June 12, 2006 Ex Parte Orders and set this matter for a hearing on July 27, 2006. On August 14, 2006 the juvenile court issued a Judgment Entry ordering the parties to submit the name of an expert handwriting analyst. On *Page 4 
August 28, 2006 Porrata filed handwriting samples and on September 1, 2006 Pearl filed handwriting samples.[2]
 {¶ 6} On July 3, 2007 the juvenile court conducted a hearing on the issues of jurisdiction and venue as set forth in Porrata's July 7, 2006 motion to vacate orders and dismiss for want of jurisdiction. At the hearing, testimony was presented by both Pearl and Porrata. In its July 17, 2007 Judgment Entry the juvenile court determined that Pearl's testimony was more credible than Porrata's testimony. The juvenile court also determined that Porrata had signed the April 26, 2006 motion and shared parenting plan "based upon the credible evidence presented." Additionally, the juvenile court determined that it had jurisdiction over the parties and the subject matter of the instant action and that venue was proper. Accordingly, the court adopted the parties' April 26, 2006 shared parenting plan as an order of the court. On October 3, 2007 the juvenile court issued an Amended Judgment Entry whereby it amended the July 17, 2007 Judgment Entry as follows: "Defendant's motion to vacate orders and dismiss for want of jurisdiction is not well taken and is hereby dismissed."
 {¶ 7} Porrata now appeals, asserting two assignments of error. *Page 5 
 ASSIGNMENT OF ERROR NO. 1 THE TRIAL COURT COMMITTED ERROR IN DENYING THE MOTION TO DISMISS FOR WANT OF JURISDICTION.
 ASSIGNMENT OF ERROR NO. 2 THE TRIAL COURT ERRED IN FINDING THAT DEFENDANT-MOTHER SIGNED THE PARENTING PLAN.
 {¶ 8} For ease of discussion, we elect to address Porrata's assignments of error out of order.
 Assignment of Error No. 2 {¶ 9} In her second assignment of error, Porrata alleges that the juvenile court erred when it determined that she had signed the parenting plan. Specifically, Porrata alleges that the court erred in assuming jurisdiction over this matter based upon a finding that she had signed the parenting plan.
 {¶ 10} Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279, 280,376 N.E.2d 578. "In determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the findings of facts." Seasons Coal Co., Inc. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273. The underlying rationale of giving deference of the trial court rests with the knowledge that the *Page 6 
trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id. at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." State v. Wilson (2007),113 Ohio St.3d 382, 387, 865 N.E.2d 1264 citing Seasons Coal,10 Ohio St.3d at 81.
 {¶ 11} At the July 3, 2007 hearing, the juvenile court heard testimony from Pearl who specifically testified that on or about April 14, 2006 he traveled to Kansas City, Missouri to pick up their daughter at Porrata's home. Pearl testified that prior to his trip to Kansas City he had his attorney prepare a shared parenting agreement and that he and Porrata had previously discussed the issue. Pearl testified that while in Kansas City, he told Porrata she needed to sign the shared parenting agreement so as to verify that he had custody of their daughter so he could enroll her in school in Mercer County. Additionally, Pearl testified that Porrata "knew that I was coming up there [Kansas City] with court documents to get her to give me shared parenting at least" to put their daughter in Mercer County schools. Pearl testified that his signature was at the end of the shared *Page 7 
parenting plan and testified that Porrata also signed the shared parenting plan when he provided it to her on April 14, 2006 in Kansas City.
 {¶ 12} In contrast, Porrata testified that she did not sign the parenting plan and that it was not her intention to sign a joint parenting order with Pearl on April 14, 2006. Additionally, Porrata testified that she knew nothing about the shared parenting plan or Pearl's custody of their daughter until she arrived at the school to pick their daughter up and school officials advised her that they could not release the child to her. However, our review of the record reveals that during cross-examination, Porrata admitted that her signature was on the shared parenting plan. Specifically, we note the following exchange:
 Mr. Tesno: It [the shared parenting plan] does not say as to each person when they signed it. Correct?
 Porrata: Well, to my understanding, that's what it would say, but it does not necessarily — it just has a date —
 Mr. Tesno: That's correct.
 Porrata: — and my signatures.
(See Transcript of July 3, 2007 hearing, pp. 51-52).
 {¶ 13} The juvenile court also heard testimony from Carol Niekamp ("Niekamp"), a secretary at East Elementary School who testified that on May 25, 2006 Porrata attempted to sign her daughter out of school. Niekamp testified that when she checked the child's school records she discovered court papers in the file, and advised Porrata that only Pearl could remove the child from school. Niekamp testified that she advised Porrata that the school had not received *Page 8 
permission from Pearl that day for anyone else to remove the child and therefore, Porrata could not take the child with her. Niekamp also testified that in response to hearing this information, Porrata said that she had the court papers with her and that she "realized there was shared parenting, but I am her parent." Additionally, Niekamp testified that Porrata showed her the court papers. When shown a copy of the parties' shared parenting plan at the hearing, Niekamp testified that it was the same document Porrata showed to her.
 {¶ 14} Additionally, the juvenile court heard testimony from Tracy Dammeyer ("Dammeyer"), the dean of students at East Elementary School. Dammeyer testified that on May 25, 2006 she overhead Porrata talking to Niekamp and asked if she could offer any assistance. Dammeyer testified that she explained to Porrata that the school had custody papers that said Pearl had custody during the school year, so before the school could release the child to Porrata they needed to contact Pearl. Dammeyer also testified that Porrata showed her a document, which was the same paperwork the school had in their file, which stated that the parties had shared parenting but that Pearl had custody during the school year.
 {¶ 15} We note that the credibility of witnesses is for the finder of fact to decide. State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. Credibility is always an issue, whether impeached or not, and *Page 9 
it is for the fact finder to impartially determine if a witness is credible and the amount of weight to be afforded to that particular witness' testimony. State v. Bayer (1995), 102 Ohio App.3d 172, 182,656 N.E.2d 1314.
 {¶ 16} In the present case, the juvenile court specifically found as follows:
 The court, in observing mother during her testimony did not find her testimony creditable (sic) particularly in regards to her agreement to and signing of the shared parenting plan and motion for the court to take jurisdiction. Father's testimony was creditable (sic) especially in regards to mother's knowledge of and voluntarily signing of the motion and shared parenting plan.
(See July 17, 2007 Judgment Entry, p. 2).
 {¶ 17} Based on the foregoing, and the knowledge that the juvenile court was in the best position to observe the demeanor and assess the credibility of the witnesses who testified, we find that the juvenile court's finding that Porrata signed the shared parenting agreement was supported by some competent, credible evidence and therefore was not against the manifest weight of the evidence. Accordingly, Porrata's second assignment of error is overruled.
 Assignment of Error No. 1 {¶ 18} In her first assignment of error, Porrata alleges that the trial court abused its discretion by adopting the shared parenting plan and failing to grant her motion to dismiss which specifically challenged the juvenile court's jurisdiction. Specifically, Porrata alleges that she did not agree to the court's jurisdiction and *Page 10 
that the court erred in assuming jurisdiction over a child who was not a resident of Ohio, was not dependent, and did not otherwise require the court's protection.
 {¶ 19} An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 20} In the present case, the April 26, 2006 motion for shared parenting plan stated that the parties jointly requested that the juvenile court enter an order "adopting and approving their shared parenting plan." Additionally, the motion stated, in relevant part, as follows:
 The parties acknwoledge (sic) that this Court has Jurisdiction over the parties and that the Jurisdiction and Venue for these proceedings is properly before this Court.
 The parties state that he and she are more than 18 years of age; that he and she are not under disability; that he and she hereby specifically waive service of summons in these proceedings as authorized in Civil Rule 4-D of the Ohio Rules of Civil Procedure, that he and she specifically grant to this court jurisdiction over the subject matter and the undersigned parties.
 {¶ 21} The language of the motion clearly reflects that the parties specifically waived service of summons and granted the Mercer County juvenile court jurisdiction over the subject matter and themselves. Additionally, based upon our disposition of Porrata's second assignment of error and our *Page 11 
determination that the juvenile court's finding that Porrata signed the motion and shared parenting agreement was not against the manifest weight of the evidence, we find that Porrata availed herself of the jurisdiction of the juvenile court. Therefore, the question of personal jurisdiction and venue is moot as the motion itself waived the issue contained in Porrata's first assignment of error.
 {¶ 22} Additionally, our review of the record reveals that there does not appear to be another court which would have been more appropriate to exercise jurisdiction at the time the initial motion was filed on April 26, 2006.
 {¶ 23} Ohio Revised Code Section 3109.04 governs a court's awarding of parenting rights and responsibilities, shared parenting, modifications, the best interests of a child, and the child's wishes. R.C. 3109.04(G) provides, in relevant part that "[e]ither parent or both parents of any children may file a pleading or motion with the court requesting the court to grant both parents shared parental rights and responsibilities for the care of the children . . . "
 {¶ 24} The shared parenting plan attached to the April 26, 2006 motion in the present case states that it was "made and entered into pursuant to R.C. 3109.04" and represented that both parties desired to exercise shared parenting with respect to their minor daughter. Specifically, the plan stated as follows:
 Now, therefore, in consideration of the foregoing and mutual promises and agreements hereinafter set forth, the parties hereto release each other of all obligations of child support and maintenance and all other claims, rights, and duties arising from *Page 12 the parental relationship. The parties hereby agree that it is in their daughter's best interest to jointly share the parental rights and responsibilities.
 {¶ 25} Our review of the record also reveals that the shared parenting plan is extremely comprehensive and includes provisions specifically addressing the custody and visitation of the minor child, health insurance, medical and emergency treatment, income taxes, school enrollment (agreeing that the minor child shall attend school in the school district of her father), access to records, school activities, and subsequent changes to or modifications of the plan.
 {¶ 26} Additionally, we note that R.C. 3127.15 governs a domestic relations court's jurisdiction to make an initial determination. This section provides as follows:
 (A) Except as otherwise provided in section 3127.18 of the Revised Code, a court of this state has jurisdiction to make an initial determination in a child custody proceeding only if one of the following applies:
 (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent or person acting as a parent continues to live in this state.
 (2) A court of another state does not have jurisdiction under division (A)(1) of this section or a court of the home state of the child has declined to exercise jurisdiction on the basis that this state is the more appropriate forum under section 3127.21 or 3127.22 of the Revised Code, or a *Page 13 similar statute of the other state, and both of the following are the case:
 (a) The child and the child's parents, or the child and at least one parent or a person acting as a parent, have a significant connection with this state other than mere physical presence.
 (b) Substantial evidence is available in this state concerning the child's care, protection, training, and personal relationships.
 (3) All courts having jurisdiction under division (A)(1) or (2) of this section have declined to exercise jurisdiction on the ground that a court of this state is the more appropriate forum to determine the custody of the child under section 3127.21 or 3127.22 of the Revised Code or a similar statute enacted by another state.
 (4) No court of any other state would have jurisdiction under the criteria specified in division (A)(1), (2), or (3) of this section.
 (B) Division (A) of this section is the exclusive jurisdictional basis for making a child custody determination by a court of this state.
 (C) Physical presence of, or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination.
 {¶ 27} The testimony presented at the July 3, 2007 hearing established that as of the date the motion for shared parenting plan was filed with the juvenile court (April 26, 2006), Pearl was living in Mercer County. Testimony also established that the parties' minor child had been residing with Pearl, with Porrata's consent, in Mercer County for 12 days before the motion was filed. Pearl specifically testified that at the time the motion was filed he was working in *Page 14 
Cleveland (Cuyahoga County) but commuted back to Celina on the weekends. Pearl testified that during the work week he lived at his parents' home and used that addressed for his income tax return. However, Pearl also testified that he used his Celina address for all of his employment information, and that at the time of the hearing, he was presently working in the Celina area. Additionally, Pearl testified that when he returned to Celina from Kansas City in April of 2006, he enrolled the parties' child in Celina City schools to finish the 2006 school year and had been advised by the school that their child needed to attend summer school. The testimony presented also established that on or about April 15, 2006 Porrata moved from Kansas City back to Chicago, Illinois. Furthermore, in its July 17, 2007 Judgment Entry, the juvenile court specifically found as follows:
 The court finds that no other court has taken jurisdiction over the matters of custody and child support. The court also finds that there was no other "home state" of the child in April of 2006. Mother had lived with the child in Missouri prior to filing, however, she had immediately left Missouri and moved to Illinois. Neither parent nor child lived in Missouri at the time of filing and the mother had moved to Illinois without the child. The child had previously lived in both Illinois and Ohio. The court further finds that mother did sign the motion and shared parenting plan based on the creditable (sic) evidence presented . . . In reviewing the law and specifically Revised Code 3127.15, this court finds that is has jurisdiction over the parties and the subject matter and is a proper venue. The shared parenting plan filed April 26, 2006, is in place and an order of this court. *Page 15 
 {¶ 28} Finally, in the present case, it is our conclusion that the parties' April 26, 2006 motion and shared parenting plan contained the language of and in every way constituted a de facto complaint to commence this action. Moreover, our review of the record reveals that because the juvenile court proceeded to accept filings from the parties, issue orders, and set and conduct hearings in this matter, it is clear that the juvenile court construed and accepted the April 26, 2006 filings as a complaint. We also note that neither party has raised any issue before the trial court or this court regarding the status of the initial pleadings filed in this case.[3]
 {¶ 29} Based on the foregoing, we find that the trial court did not abuse its discretion by adopting the shared parenting plan and denying Porrata's motion to dismiss. Accordingly, Porrata's first assignment of error is overruled.
 {¶ 30} Therefore, the July 17, 2007 Judgment Entry and the October 3, 2007 Amended Judgment Entry of the Court of Common Pleas of Mercer County, Juvenile Division are affirmed.
Judgment affirmed.
 ROGERS, J., concurs.
 WILLAMOWSKI, J., dissents.
[1] We note that Porrata filed these documents via facsimile on July 7, 2006 and filed the original documents with the juvenile court on July 10, 2006.
[2] Included in Pearl's handwriting samples filed with the juvenile court on September 1, 2006 was a "Voluntary Acknowledgment of Paternity" as related to the parties' minor child. On this form, Porrata is listed as the biological mother of the child and Pearl is listed as the biological father of the child. Additionally, both Pearl's and Porrata's signatures appear on the document, as dated and witnessed August 5, 1999. We note that the Voluntary Acknowledgement of Paternity appears to have been executed according to Illinois law. See Ill. Ann. Stat., Chapter 750, 4516.
[3] Although Porrata's first assignment of error does address the issue of jurisdiction, it specifically relates to the juvenile court's subject matter jurisdiction and is in no way related to jurisdiction involving the format of the pleadings filed in this case. *Page 16