[Cite as *Hildebrand v. Hildebrand*, 2011-Ohio-5845.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96436**

---

## TIMOTHY D. HILDEBRAND

PLAINTIFF-APPELLANT

vs.

## JERI S. HIILDEBRAND

DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Division of Domestic Relations
Case No. CV-D-326168

**BEFORE:** Jones, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEYS FOR APPELLANT**

Deborah Akers-Parry
Marshall J. Wolf
Wolf and Akers, L.P.A.
2200 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Joseph G. Stafford
Michele A. Kalapos
Gregory J. Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**FOR GUARDIAN AD LITEM**

Megan J. Corsi
Stanard & Corsi Co., L.P.A.
1370 Ontario Street, Suite 748
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} Plaintiff-appellant, Timothy Hildebrand ("husband"), appeals from the trial court's judgment denying his motions for relief from judgment, for an evidentiary hearing, and for attorney fees. We affirm.

## I. Procedural History and Facts

{¶ 2} The record before us demonstrates that in October 2010, husband and defendant-appellee, Jeri Hildebrand ("wife"), were divorced. The parties were each represented by counsel throughout the proceedings. The parties have two children, both of whom were minors throughout the pendency of this case and were represented by a guardian ad litem.

{¶ 3} Husband and wife entered into a separation agreement, which provided in relevant part that each would be liable for up to one-half of the guardian's fees. In November 2010, the guardian filed a motion to reduce her fees to judgment and a motion to release the bond for the balance of her unpaid fees.

{¶ 4} In her motions, the guardian stated that she was not part of the settlement negotiations relative to the separation agreement and, therefore, had not been given a copy of the portion of the agreement relative to her fees to review prior to its execution. Further, she averred in an affidavit that when husband and wife had reached an agreement on shared parenting in October 2010, she provided the parties' counsel with a copy of her fee bill.

{¶ 5} The guardian stated that she filed her motions because the separation

agreement did not provide what specific amount was due from each party, did not grant a judgment in her favor against the parties for the fees owed, and did not release the bond. The fee bill attached to her motion reflected a total of $25,000 for services rendered. The bill was adjusted by $8,400 for payments made by husband. The guardian sought a $3,900 judgment against husband and a $12,900 judgment against wife.

{¶ 6} The guardian's motions came on for a "hearing" before a magistrate of the court.[1] The parties reached the following agreement: (1) the bond filed with the court in July 2009 was to be released to the guardian; (2) husband was to pay the guardian $3,000; and (3) wife was to pay the guardian $7,000. The parties and their counsel signed off on the agreement.

{¶ 7} Approximately two weeks after the parties' agreement, husband filed motions for relief from judgment under Civ.R. 60(B), for an evidentiary hearing, and for attorney fees. Husband submitted an affidavit in support of his motions, wherein he averred that: (1) he paid the guardian $13,000;[2] (2) he was "told by the guardian" that she reduced wife's portion of the fees and this was a "courtesy to [wife] that was not offered to [him]," which made him feel that he was "being treated unfairly"; and (3) wife's attorney "demanded that [he] contribute an additional $3,000 to [wife's] portion[.]"

{¶ 8} Husband also averred that the magistrate took wife's side and "pressured"

---

[1] By all accounts, the "hearing" was more in the form of a conference. No testimony was taken and no court reporter was present. For purposes of this appeal, the trial court has filed an App.R. 9(C) statement of proceedings.

[2] A figure not contested by wife or the guardian.

him to pay. Further, according to husband, the guardian "threatened" that if he did not pay, he would not be in good standing with the magistrate, who would be involved with future decisions relative to his children. Husband averred that the experience was "horrible," he felt "unbelievable pressure," the "entire procedure was unfair," and he "felt extremely desperate."

{¶ 9} The trial court denied his motions without a hearing. Husband now raises two assignments of error for our review:

> I. The trial court erred and abused its discretion by denying husband-appellant's motion for relief from judgment.
>
> II. The trial court erred and abused its discretion by denying husband-appellant's motion for evidentiary hearing."

## II. Law and Analysis

{¶ 10} An appellate court reviews the denial of a motion for relief from judgment for an abuse of discretion. *Shuford v. Owens*, Franklin App. No. 07AP-1068, 2008-Ohio-6220, ¶5, citing *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, 834 N.E.2d 836, ¶15. An abuse of discretion connotes that the court's attitude is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 11} To prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.* (1976), 47 Ohio St.2d 146, 351

N.E.2d 113, paragraph two of the syllabus.

{¶ 12} The timeliness of husband's motion, the third prong of the *GTE* test, is not an issue; he timely filed it approximately two weeks after the parties' settlement agreement. Rather, the issues here relate to the first and second prongs of the *GTE* test.

{¶ 13} In regard to the first prong, husband contends that he had a meritorious defense, that being the separation agreement, which provided that he was liable for up to one-half of the guardian's fees. Although the separation agreement did provide that each party was responsible for up to one-half of the guardian's fees, the parties subsequently modified that agreement with a settlement in light of the guardian's motions.

{¶ 14} A settlement agreement cannot be unilaterally repudiated. *Mack v. Polson Rubber Co.* (1984), 14 Ohio St.3d 34, 36, 470 N.E.2d 902. "To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though * * * the agreement is of binding force." *Spercel v. Sterling Industries, Inc.* (1972), 31 Ohio St.2d 36, 40, 285 N.E.2d 324. Rather, it can be set aside only for the same reasons that any other contract could be rescinded, such as fraud, duress, or undue influence. *Mack* at syllabus.

{¶ 15} That said, we consider husband's contention, under the third prong of *GTE,* that he was entitled to relief under subsection (B)(3) of Civ.R. 60, which provides relief for "fraud * * *, misrepresentation, or other misconduct of an adverse party." The evidence that we have in considering husband's contention is his affidavit and the trial court's App.R. 9(C) statement of proceedings.

{¶ 16} As mentioned, husband averred in his affidavit that he was coerced and pressured into signing the settlement agreement. In its statement of proceedings, the trial court stated that: (1) both parties were represented at the settlement conference by "highly experienced and competent counsel"; (2) the court "indicated its preference that the Guardian ad Litem be paid sums that were due to her and that her Motions be resolved without a formal Hearing"; (3) "[a]t all times, the Court treated both parties and counsel professionally and with courtesy and respect"; and (4) "[a]t no time was a party coerced into a settlement with which he or she did not understand or agree. Either party had the ability to walk away from negotiations at any time and proceed to trial."

{¶ 17} The court further noted that the parties were "outside the presence of the Magistrate when a formal Agreement was reached[,]" and that husband and wife's attorney were "acting in an informal manner and that another Magistrate made mention of it when entering the courtroom on an unrelated matter."

{¶ 18} In a divorce proceeding, the trial judge is the "trier of the facts of the case, the determiner of the credibility of each witness and the weight to be given to the testimony of each, and above all, is the person who saw and heard the witnesses throughout the long period of [the] trial." *Weinstein v. Weinstein* (Ohio App. 1962), 185 N.E.2d 56, 58.

{¶ 19} Here, the trial judge who issued the statement of proceedings was the same judge who presided over this case for its year-and-a-half pendency and, therefore, was familiar with the underlying proceedings and in the best position to assess the credibility of

the affidavit. The trial court obviously did not find husband's affidavit credible. We do not find that position unreasonable, arbitrary, or unconscionable and will not disturb the trial court's finding.

{¶ 20} Husband provided no other documentation to support his contention that he had a meritorious claim or defense or was entitled to relief based on fraud or misconduct of an adverse party. Husband failed, therefore, to demonstrate the first and second prongs of the *GTE* test.

{¶ 21} On this record, the trial court did not abuse its discretion by denying husband's motion for relief from judgment and the first assignment of error is, therefore, overruled.

{¶ 22} For his second assigned error, husband contends that the trial court abused its discretion by not holding a hearing on his motion for relief from judgment. We disagree. An evidentiary hearing on a Civ.R. 60(B) motion is not required where the motion and attached evidentiary material do not contain allegations of operative facts that would warrant relief under Civ.R. 60(B). *BancOhio Natl. Bank v. Schiesswohl* (1988), 51 Ohio App.3d 130, 554 N.E.2d 1362, paragraph one of syllabus. As discussed above, the trial court found that husband failed to put forth any evidence or allege any operative facts that would warrant relief under Civ.R. 60(B), and we uphold that finding. The trial court, therefore, was not required to hold a hearing on the motion, and the second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, JUDGE

MARY EILEEN KILBANE, A.J., and
PATRICIA A. BLACKMON, J., CONCUR