[Cite as *In re J.E.*, 2017-Ohio-536.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 104473 and 105098**

---

# IN RE:   J.E. P.-T.
# A Minor Child

[Appeal By M.P., Mother]

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU13110545

**BEFORE:**   S. Gallagher, J., E.T. Gallagher, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   February 16, 2017

**ATTORNEYS FOR APPELLANT**

Alan N. Hirth
Anne C. Fantelli
Meyers, Roman, Friedberg & Lewis, L.P.A.
28601 Chagrin Blvd., Suite 500
Cleveland, Ohio   44122


**ATTORNEY FOR APPELLEE**

Denise Cook
Denise M. Cook Co., L.P.A.
8210 Macedonia Commons Blvd.
Suite #69-190
Macedonia, Ohio   44056


**Also listed:**

**Guardian ad Litem**

Gail A. Nanowsky
P.O. Box 26060
Fairview Park, Ohio   44126

SEAN C. GALLAGHER, J.:

**{¶1}** Mother appeals the trial court's decision that adopted Mother and Father's agreed shared parenting plan, claiming she did not realize she was binding herself to the agreement by initialing each of the 13 pages and then signing the document. For the following reasons, we affirm based on the specific facts and circumstances of this case.

**{¶2}** There is no need for a lengthy discussion of the facts or procedural history. It suffices that on April 8, 2016, the parties appeared for a trial before the trial court's appointed magistrate to resolve the shared-parenting issue. Rather than proceeding, Mother and Father negotiated an agreement and memorialized that agreement through a typed document completed with handwritten interlineations. The document was signed, and each page was initialed by both parties. The magistrate adopted the agreement into her decision.

**{¶3}** On April 12, the trial court adopted the agreed judgment entry in accordance with Civ.R. 53(D)(4)(e), incorporating the agreement as an exhibit to the journal entry. Unhappy with her attorney, Mother fired the attorney on April 14, hired new counsel, and filed objections to the magistrate's decision dated April 11, essentially claiming her previous attorney did not explain the settlement process thoroughly enough for Mother's understanding. Mother also filed an appeal from the April 12 trial court order adopting the agreed judgment entry. This court stayed the appeal under App.R. 4(B), and remanded the case to the trial court to address the timely objections. In September 2016, the trial court overruled the objections, finding that

Since August 15, 2013, the Mother has been represented by four different attorneys: Martin Keenan, Steve Tater, Pamela Kurt, and now Alan Hirth. Mediation failed on February 14, 2014. After numerous pretrial and preliminary orders, the matter was set for trial on October 30, 2015. Around that date, the Mother's attorney withdrew and the trial was continued. The next trial on February 16, 2016 was continued as well. The [guardian ad litem] report of February 9, 2016 also lays out a contentious history between the parents over the course of this case.

The grounds for the objection is essentially that Mother was not adequately represented by her attorney. The Mother makes a number of assertions about what her attorney did or did not do. The Mother's unhappiness with her attorney does not allow mother to get out of her agreement which she initialed on every page and then signed while represented by counsel.

Mother filed another appeal, from the September 2016 order, and in accordance with App.R. 4(B)(2), the two cases were consolidated.

{¶4} Mother claims there was no meeting of the minds for the settlement agreement because, according to a self-serving affidavit, her former attorney provided poor legal advice and as a result, the trial court must hold an evidentiary hearing to resolve the factual dispute about the attorney's recommendations. There is no merit to Mother's claim, and it is overruled. As the trial court noted, Mother is essentially seeking to rescind an otherwise binding agreement. She is not citing any error with the magistrate's acceptance of the signed settlement agreement. Mother has not claimed any error in law or with a finding of fact committed by the magistrate.

{¶5} Civ.R. 53(D)(3)(a)(i) provides that a magistrate must prepare a decision respecting any matter referred to her, including any findings of fact or conclusions of law. Any party wishing to object must timely file an objection to the factual findings or legal conclusions. Civ.R. 53(D)(3)(b). In this case, Mother filed objections to the

magistrate's decision, but not for any legal or factual mistake of the magistrate, but instead based on her own purported mistake of signing a legally binding document. Mother then claimed it was based on her attorney's advice, a matter outside of the record and outside the scope of the magistrate's decision, which adopted the agreement and incorporated the agreement into the decision.

{¶6} The proper procedure to effect a rescission of a binding settlement agreement entered into in the presence of the court, such as the agreement at issue in this case, is for that party to file a motion seeking to set the agreement aside. *Cochenour v. Cochenour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 29, quoting *Spercel v. Sterling Industries, Inc.*, 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph two of the syllabus (in order to effect a rescission of an in-court settlement agreement, the party must do more than object because the trial court merely has to journalize what transpired in a ministerial fashion). In the absence of such a motion, the trial court may sign a journal entry reflecting or adopting the settlement agreement. *Id.* Once the settlement agreement was received by the magistrate, there was nothing further for the magistrate to consider except whether the agreement was in the child's best interest, which is not an issue in this case. No objections were raised indicating that the shared-parenting agreement was anything but in the child's best interest.

{¶7} It appears the trial court considered Mother's objections as a motion to rescind her settlement agreement entered in front of the magistrate. The trial court considered Mother's arguments, but overruled the objection to the magistrate's decision

because there was a written contract memorializing the terms of the settlement agreement and one party cannot unilaterally rescind a written contract even if entered upon incorrect legal advice. The trial court's recitation of black-letter law is accurate.

{¶8} Where parties enter into a settlement agreement, especially a written one, the agreement constitutes a binding contract and it cannot be unilaterally rescinded by one of the parties after the fact. *Hildebrand v. Hildebrand*, 8th Dist. Cuyahoga No. 96436, 2011-Ohio-5845, ¶ 14, citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984). "'To permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though the agreement is of binding force.'" *Id.*, quoting *Spercel*. A settlement agreement can only be rescinded upon claims such as fraud, duress, or undue influence. *Id.*, citing *Mack* at syllabus. Further, "[n]either a change of heart nor bad legal advice is a ground to set aside a settlement agreement." *Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, ¶ 19, citing *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995), and *Grubic v. Grubic*, 8th Dist. Cuyahoga No. 73793, 1999 Ohio App. LEXIS 4200, 10 (Sept. 9, 1999).

{¶9} There are no allegations of fraud, duress, or undue influence. Taking Mother's allegations as true, which we do only for the sake of argument, Mother's attorney advised her to sign and initial each page of a nonfinal agreement for further negotiation and that Mother could read the document after consummating the agreement. At best, this was bad legal advice. No party should sign a document purporting to settle

all issues if the memorialized terms are not in conformance with the party's wishes. Mother cannot be relieved of the terms established under the written settlement agreement unilaterally when her only claim is based on receiving bad advice. *Richmond* at ¶ 19. There is no factual dispute about whether an agreement was reached; the signed agreement demonstrates otherwise, and absent fraud, duress, or undue influence, Mother cannot unilaterally rescind the agreement.

{¶10} Further, Mother's only specific complaint about the settlement agreement raised in her affidavit is that she "never agreed to the interlineation that Father's shared-parenting time that starts on May 28, 2016 would continue through *any* school year but that it would be *for summer only*." (Emphasis sic.) Mother claims that the handwritten amendment was added to the agreement after she signed and initialed each page of the document. After reviewing the agreement in its entirety, there is not a single handwritten amendment referring to the father's shared parenting time being set to commence on May 28 and referencing a school year.

{¶11} The only handwritten amendment that is arguably close, and which occurs on the second page of the agreement, identified by Mother as the location of the supposed unauthorized amendment, is one alteration adjacent to the clause entitled, "Mother's and Father's Midweek/Weekend Parenting Time." The amendment indicated the shared-parenting schedule would be "commencing on May 27, 2016 and continuing thereafter until further order of the court." There is no reference to a school year, and the operative terms of the shared-parenting time were included in the typewritten portion of

the clause, not the handwritten amendment. The "Parenting Time" clause provides a general schedule of shared parenting time and when to return the child to "school, day care, or Mother's residence as appropriate." In other words, the contemplated schedule set forth in the unaltered portion of the agreement referenced more than just a summer schedule; it included the school year. It strains credulity to claim that an unauthorized amendment to a typed clause occurred after Mother signed the agreement and initialed each page, when the document contains numerous handwritten interlineations not being contested.

{¶12} We acknowledge the existence of another handwritten interlineation specifically discussing Father's shared-parenting time, but that clause was set to commence on April 13, 2016, and terminate on May 26 when the terms of the "Parenting Time" clause commenced. It is safe to assume that Mother's verified statement was not referencing the latter amendment because that clause did not contemplate the summer schedule either, unless, of course, Mother's reference to "summer" was supposed to be one to "spring," although that still does not explain the typed, "Parenting Time" clause's reference to a school year as we noted before.

{¶13} Quite simply, there is no handwritten interlineation in the entire agreement conforming to Mother's verified allegation that someone altered the document after she initialed each page and signed it. Mother's claim is not supported by the record and is perilously close to being frivolous.

{¶14} Finally, Mother's reliance on *Bottum v. Jankovic*, 8th Dist. Cuyahoga No. 99526, 2013-Ohio-4914, ¶ 12, is misplaced. The trial court's decision conforms with the law and analysis provided in that case. It was held that "where the [settlement] agreement is read into the record in open court and agreed upon, the court may enter judgment adopting its terms." *Id.*, citing *Grubic*, 8th Dist. Cuyahoga No. 73793, 1999 Ohio App. LEXIS 4200, at 9; and *Zigmont v. Toto*, 47 Ohio App.3d 181, 547 N.E.2d 1208 (8th Dist.1988). "'Absent fraud, duress, overreaching or undue influence, a settlement agreement between parties in a divorce is enforceable.'" *Id.* at ¶ 11, quoting *Diguilio v. Diguilio*, 8th Dist. Cuyahoga No. 81860, 2003-Ohio-2197, ¶ 33. If the record does not contain the terms of the in-court agreement or the judgment entry does not contain the signed agreement by incorporation, only then does the court need to consider the existence of a factual dispute over the oral agreement. *Id.* In *Bottum*, the parties negotiated a settlement during a break in trial, set forth the operative terms of the agreement on the record, and as a result, the trial court properly adopted the settlement. *Id.* at ¶ 14. It was concluded that the only escape from the agreement was to prove fraud, duress, or undue influence. *Id.* Finding proof of none of those, the panel concluded that the trial court properly adopted the settlement agreement. *Id.*

{¶15} In this case, the settlement agreement was incorporated into the journal entry, and therefore, we must reach the same conclusion as the *Bottum* panel before us. Mother has not claimed her signature was obtained through fraud, undue influence, or duress and has not requested a revisit to the conclusions made in *Bottum*. The

shared-parenting settlement agreement is binding, and the trial court properly accepted and incorporated the parties' agreement into the judgment entry resolving the disputed issues.

{¶16} The trial court did not err, and therefore, we affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR