[Cite as *In re C.T-T.*, 2019-Ohio-3362.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE C.T-T., ET AL.

Minor Children

[Appeal by T.T., Mother]

:
:
:
:
:
:

No. 107059

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. CU 15102485 and CU 15102486

---

### *Appearances:*

T.T., *pro se.*

Law Offices of Neil W. Siegel, and Michael T. Ditzel, *for appellee.*

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Respondent-appellant, T.T. ("Mother"), brings the instant appeal, pro se, challenging the trial court's judgment entry awarding joint custody and adopting a shared parenting plan regarding Mother's and petitioner-appellee, F.T.'s ("Father"), children. After a thorough review of the record and law, this court affirms.

# I. Factual and Procedural History

{¶ 2} The instant case was initiated by Father when he filed an application for custody of the parties' children, C.T-T. (d.o.b. June 11, 2006) and G.T-T. (d.o.b. December 12, 2007), on February 23, 2015, in the Cuyahoga County Court of Commons Pleas, Juvenile Division ("trial court"). Sometime in September or August 2014, Mother and the two children moved from Ohio to Colorado. Father filed his motion for custody based on allegations that Mother was using corporal punishment on the children while they were residing in Colorado. Specifically, the allegations were that Mother was striking the children with an electrical cord. Father also alleged that Mother shoved socks in the children's mouths in an attempt to muffle the children's screams from the strikes because the children were being too noisy or loud. Mother also allegedly tied the children's legs together with rope in an attempt to stop the children from running away from her while she was striking the children. Father alleged that the children were in danger of immediate harm if Mother returned to Colorado with the children.

{¶ 3} A hearing on Father's motion for custody was scheduled for August 13, 2015. On August 6, 2015, Mother filed a motion to dismiss and/or transfer jurisdiction. On August 11, 2015, Father filed a motion for temporary custody and to stay child support. On August 13, 2015, the magistrate held a hearing on the various motions. Present at the hearing was Father, his counsel, and Mother, who proceeded pro se. Also present at the hearing was a guardian ad litem ("GAL") for the children whom was appointed by the court on July 8, 2015. At the hearing, the

GAL made an oral motion to the magistrate for emergency temporary custody to Father. Prior to the hearing, the magistrate conducted an in camera interview with the children. The children corroborated the corporal punishment allegations made by Father in his motion. After hearing testimony from Mother and Father, the magistrate granted Father's motion for temporary custody. Thereafter, the matter was scheduled for pretrial hearings on Father's motion to determine custody.

{¶ 4} The matter eventually proceeded to trial on Father's motion to determine custody on August 4, 2016. The magistrate heard testimony on Father's motion on August 4, 2016, and the matter was continued. Thereafter, Father, on September 19, 2016, filed a motion to adopt a shared parenting plan. The matter continued for nearly one and one-half years as the parties seemingly negotiated the terms of a shared parenting plan. The matter then proceeded to trial scheduled for January 4, 2018.

{¶ 5} Prior to commencing trial on January 4, 2018, the parties, each represented by counsel, drafted a shared parenting plan that granted custody of the children to both parties. This shared parenting plan was then submitted to the magistrate, and the magistrate approved and adopted the shared parenting plan.[1]

{¶ 6} On January 9, 2018, the magistrate issued a decision granting Father's motion to determine custody and ordered that the agreement of the parties — the

---

[1] At oral arguments, the parties stated that Mother and Father were not in the hearing room when the magistrate adopted the shared parenting plan. Father's counsel indicated that, in his belief, it is best practice to have the parties in the hearing room to address to the court that they have agreed to the terms of the shared parenting plan on the record.

shared parenting plan — be adopted and approved. On January 16, 2018, Mother, while represented by counsel, filed pro se objections to the magistrate's decision. On January 23, 2018, Mother, through her counsel, filed additional objections to the magistrate's decision.

{¶ 7} On March 29, 2018, the trial court issued a judgment entry overruling Mother's objections, adopting the magistrate's decision, and awarding joint custody to the parties.

{¶ 8} On April 13, 2018, Mother, pro se, filed a notice of appeal in the instant matter. On April 16, 2018, this court issued a judgment entry, sua sponte ordering Mother to file an amended notice of appeal. Mother complied with this sua sponte order and filed an amended notice of appeal on April 30, 2018. Mother presents 13 assignments of error for our review presented verbatim below:

I. No Jurisdiction

II. Not the first Custody Application

III. No Motion filed by either party for in camera

IV. No due process – made to have emergency custody hearing without an attorney of time to prepare. No respect for mothers rights or explanation of rights. Court gave temporary Parenting time to F.T. without a investigation or hearing as to whether that was in the best interest. That was a modification of the original order, w/o due process. He then used that to file for temporary custody, quote line.

V. No continuance for Attorney

VI. No emergency that warranted emergency custody

VII. No follow up examination of kids by court diagnostic

VIII. Inadequate and Immoral Representation — must fire him or sign, lie to the judge about me having counsel. I told him no I didn't want to sign and left the area. Told me the judge hated me and I was a terrible mother and that he would not go to trial and listen to the facts of the case, because I would not win. No examination or subpoena of witness for trial date. Didn't file for finding of fact or appeal on time.

IX. The facts don't match the ruling — facts document extreme show extreme change in sons and daughters behavior

X. GAL fees, I am indigent

XI. Court Abused Discretion

XII. GAL disrespectful towards religious beliefs and single mother status in demeanor and in report. Does not mention facts that pertain to why she choose father as residential parent, or a clear analysis of all the facts of what is in the best interest.

XIII. Receive request for no/reduced legal fees because mother is indigent found undue prejudice to judge ruling in limine against me receiving leg fee's paid based on my counsels timing. That unfairly penalizes me because I told my lawyer to ask for payment previously. I also previously asked the court for payment of fees and was denied. Also by not stating a finding of fact as to why my petition for fees was denied.

## II. Law and Analysis

{¶ 9} As an initial matter, we note that Mother's pro se brief does not conform with App.R. 16(A)(3) and (4). Nor does Mother cite to any authority in support of her arguments as required by App.R. 16(A)(7). Furthermore, many of Mother's assignments of error do not necessarily present an actual issue for our review. As this court has previously noted,

We recognize that a pro se litigant may face certain difficulties when choosing to represent oneself. Although a pro se litigant may be

afforded reasonable latitude, there are limits to a court's leniency. *Henderson v. Henderson*, 11th Dist. Geauga No. 2012-G-3118, 2013-Ohio-2820, ¶ 22. Pro se litigants are presumed to have knowledge of the law and legal procedures, and are held to the same standard as litigants who are represented by counsel. *In re Application of Black Fork Wind Energy, L.L.C.,* 138 Ohio St.3d 43, 2013-Ohio-5478, 3 N.E.3d 173, ¶ 22.

*Saeed v. Greater Cleveland Regional Transit Auth.*, 8th Dist. Cuyahoga No. 104617, 2017-Ohio-935, ¶ 7. Nevertheless, we can discern that Mother's assignments of error relate to either the (1) emergency temporary custody hearing or (2) the shared parenting plan. We therefore discuss the assignments of error collectively under these two categories.

## A. Emergency Temporary Custody Proceedings

{¶ 10} First, we address Mother's assignments of error specifically pertaining to the August 13, 2015 hearing after which Father was granted emergency temporary custody of the children. That order, granting emergency temporary custody to Father, was merely that — a *temporary* order. *See In re B.A.L*, 2016-Ohio-300, 47 N.E.3d 187, ¶ 25 (8th Dist.). "A temporary order allocating custody between parents is not a final judgment, but rather is an interlocutory order." (Citations omitted.) *Id.* To this end, we note that it has long been established that

> "in a domestic relations action, interlocutory orders are merged within the final decree, and the right to enforce such interlocutory orders does not extend beyond the decree, unless they have been reduced to a separate judgment or they have been considered by the trial court and specifically referred to within the decree."

*Kovacic v. Kovacic*, 8th Dist. Cuyahoga No. 89130, 2007-Ohio-5956, ¶ 10, quoting *Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979), syllabus. Thus, the

interlocutory orders in the present matter have merged into the final decree, and Mother's arguments relating to the temporary custody hearing in 2015 are moot.

{¶ 11} Mother also argues that the trial court did not have jurisdiction pursuant to R.C. 3127.15(A)(1) because Father's motion to determine custody was filed more than six months after Mother moved the children to Colorado. R.C. 3127.15(A)(1) provides, in relevant part, that an Ohio court has jurisdiction to make an initial determination in a child custody proceeding only if Ohio is the child's home state on the date of the commencement of the proceedings or Ohio was the child's home state within six months before the commencement of the proceedings and the child is absent from Ohio but a parent continues to live in Ohio.

{¶ 12} However, Mother entered into the shared parenting plan, and thus, undeniably availed herself of the jurisdiction of the trial court. *See Pearl v. Porrata*, 3d Dist. Mercer No. 10-07-24, 2008-Ohio-6353, ¶ 21. Moreover, even though Mother filed a motion to transfer jurisdiction on August 7, 2015, Mother implicitly withdrew that motion by continuing to litigate the matter in the trial court. *In re Seitz*, 11th Dist. Trumbull No. 2002-T-0097, 2003-Ohio-5218, ¶ 16-18.

{¶ 13} Accordingly, Mother's assignments of error pertaining to the August 13, 2015 hearing and order granting emergency temporary custody of the children to Father are summarily overruled.

### B. Shared Parenting Plan

{¶ 14} Mother also presents arguments pertaining to the shared parenting plan. To this end, Mother appears to take issue with the trial court's adoption of the

shared parenting plan and argues that the agreement was against the manifest weight of the evidence and not in the children's best interests. Further, Mother specifically argues that she did not agree to designate Father as residential parent for school purposes.

{¶ 15} Prior to addressing Mother's arguments in this regard, we must address certain procedural facts that are imperative to our review of these assignments of error. Mother failed to move the trial court, even when represented by counsel, to *rescind* the shared parenting plan. Mother also failed to file a motion to *modify* the shared parenting plan pursuant to R.C. 3109.04(E)(1)(a). In addition, Mother failed to file a Civ.R. 60(B) motion seeking a relief from judgment.

{¶ 16} In this respect, the proper procedure to effect a rescission of a binding settlement agreement entered into in the presence of the court, such as the shared parenting plan at issue in this case, is for that party to file a motion seeking to set the agreement aside. *In re J.E. P.-T.*, 8th Dist. Cuyahoga Nos. 104473 and 105098, 2017-Ohio-536*, ¶ 6, citing *Cochenour v. Cochenour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 29, citing *Spercel v. Sterling Industries, Inc.,* 31 Ohio St.2d 36, 285 N.E.2d 324 (1972), paragraph two of the syllabus. "In the absence of such a motion, the trial court may sign a journal entry reflecting or adopting the settlement agreement." *Id.*, citing *Cochenour.*

{¶ 17} Mother argues that the trial court erred when it adopted the shared parenting plan. We note that the matter was scheduled for trial on January 4, 2018, on the issue of custody of the children. Rather than proceeding to a trial on the

matter, Mother and Father, both represented by counsel, negotiated an agreement and memorialized that agreement through a typed document. This document included handwritten modifications and deletions to the terms of the agreement, with the parties' initials next to the modifications and deletions. This document was signed by each party and each parties' counsel. The magistrate adopted the agreement and incorporated it into her decision.

{¶ 18} On January 9, 2018, the magistrate adopted the judgment entry in accordance with Civ.R. 53(D)(4)(e), and incorporated the agreement as an exhibit to the magistrate's decision. Not satisfied with the shared parenting plan, Mother, pro se, while represented by counsel, filed an objection to the magistrate's January 9 decision. Mother's counsel filed an additional objection to the magistrate's decision on January 23, 2018, and claimed that the magistrate's decision "finding that [Father] be designated the residential parent for school purposes does not accurately reflect the parties' agreement." Mother further claimed that "both parents were to be designated residential parent and legal custodian of the minor children."

{¶ 19} However, once the settlement agreement was received by the magistrate, there was nothing further for the magistrate to consider except whether the agreement was in the children's best interest. *In re J.E. P.-T.*, 8th Dist. Cuyahoga Nos. 104473 and 105098, 2017-Ohio-536, at ¶ 6. Mother's objections related solely to the designation of Father as residential parent for school purposes. Mother's objections in no way challenged that the shared parenting agreement was not in the

children's best interest.   No objections were raised indicating that the shared parenting plan was anything but in the children's best interest.  *See id.*  In our review of the record, we find no evidence upon which we could now conclude that the shared parenting plan was *not* in the children's best interests.

{¶ 20} Nevertheless, Mother now argues on appeal that the trial court erred when it designated Father as residential parent for school purposes.  We review a trial court's decision concerning the allocation of parental rights and responsibilities for an abuse of discretion because such a decision rests within the sound discretion of the trial court.  *In re A.M.S.,* 8th Dist. Cuyahoga No. 98384, 2012-Ohio-5078, ¶ 17, citing *In re D.J.R.*, 8th Dist. Cuyahoga No. 96792, 2012-Ohio-698.  An abuse of discretion is unmistakable where a trial court's judgment is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 21} In our review of the shared parenting plan, we note that the agreement is silent as to which party was to be designated residential parent for school purposes.  However, schooling was incorporated into the agreement as evidenced by Exhibit A, which states: "(D) [t]he children shall attend school in Cleveland Hts., unless they can attend school on full scholarships."  Further, Mother and Father were each designated as residential parents and legal custodians of the children.

{¶ 22} It appears that Mother does not wish to have the children attend another school district, but simply argues that she did not agree to Father being designated residential parent for school purposes.  As best we can discern, Mother

now takes issue with the trial court designating Father as residential parent for school purposes simply because she did not agree to it.

{¶ 23} In our review of the shared parenting plan, it is undisputed that the parties wished to have the children attend the "Cleveland Heights schools." In order to achieve this, Father had to be designated the residential parent for school purposes because he has lived stably in Cleveland Heights for at least the duration of the proceedings, if not longer. In this way, designating Father as residential parent for school purposes does not in any way alter the parties' agreement — it achieves the parties' agreement. Furthermore, Mother has failed to offer any evidence as to how designating Father as the residential parent for school purposes was not in the best interests of the children. As such, we find that the trial court did not abuse its discretion in designating Father residential parent for school purposes.

{¶ 24} We are compelled again to note that where parties enter into a written settlement agreement, "the agreement constitutes a binding contract and it cannot be unilaterally rescinded by one of the parties after the fact." *In re J.E. P.-T.*, 8th Dist. Cuyahoga Nos. 104473 and 105098, 2017-Ohio-536, at ¶ 8, citing *Hildebrand v. Hildebrand*, 8th Dist. Cuyahoga No. 96436, 2011-Ohio-5845, ¶ 14, citing *Mack v. Polson Rubber Co.,* 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984). In this regard,

> "'[t]o permit a party to unilaterally repudiate a settlement agreement would render the entire settlement proceedings a nullity, even though the agreement is of binding force.'" *Id.*, quoting *Spercel,* [31 Ohio St.2d at 40, 285 N.E.2d 324.] A settlement agreement can only be rescinded upon claims such as fraud, duress, or undue influence. *Id.*, citing *Mack* at syllabus. Further, "[n]either a change of heart nor bad legal advice is a ground to set aside a settlement agreement." *Richmond v. Evans,*

8th Dist. Cuyahoga No. 101269, 2015-Ohio-870, ¶ 19, citing *Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995), and *Grubic v. Grubic,* 8th Dist. Cuyahoga No. 73793, 1999 Ohio App. LEXIS 4200, 10 (Sept. 9, 1999).

*Id.*

{¶ 25} Mother did not allege in her objections to the magistrate's decision that she assented to the terms of the shared parenting plan because of fraud, duress, or undue influence. However, in her appellate brief, Mother makes the assertion that she did not voluntarily agree to the shared parenting plan. Further, at oral arguments Mother stated that she received an ultimatum from her attorney — accept the terms of the shared parenting plan or hire another attorney. Nevertheless, we find that Mother has presented no evidence, other than this mere assertion, of fraud, duress, or undue influence in her assent to the terms of the shared parenting plan.

{¶ 26} In the instant case, we note that Mother began the proceedings without an attorney. However, Mother then retained an attorney on October 13, 2015. That attorney then filed a motion to withdraw as counsel in March 2016 and that motion was granted. Mother thereafter obtained new counsel, who represented her from April 2016 through January 2018.

{¶ 27} Moreover, as we noted above, the parties negotiated an agreement and memorialized that agreement through a typed document. This document included handwritten modifications and deletions to the terms of the agreement, with the parties' initials next to the modifications and deletions. The parties also attached

two exhibits to this document that detailed the parties' visitation schedule and the parties' payment schedule of the GAL fees. This document was signed by each party and each parties' counsel. Thus, we cannot discern that Mother was represented by counsel who did not advocate zealously on her behalf.

{¶ 28} Accordingly, Mother's assignments of error relating to the shared parenting plan are summarily overruled.

### III. Conclusion

{¶ 29} The emergency temporary custody order has been merged into the final decree and thus, Mother's arguments related to that order are now moot. The parties' shared parenting plan is a binding settlement agreement, and Mother has presented no evidence of fraud, duress, or undue influence in her assent to the terms of the shared parenting plan. As such, Mother's arguments related to the shared parenting plan are without merit.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR