[Cite as *Katz v. Univ. Hosp. Health Sys., Inc.*, 2022-Ohio-3328.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

JESSICA KATZ, D.O.,                          :

    Plaintiff-Appellant,            :

                                                   No. 111164

    v.                               :

UNIVERSITY HOSPITALS HEALTH          :
SYSTEM, INC., ET AL.,

    Defendants-Appellees.           :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** September 22, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-946366

---

### *Appearances:*

Caryn Groedel & Associates, Co., LPA, and Caryn M.
Groedel, *for appellant*.

Vorys, Sater, Seymour and Pease, LLP, Anthony J.
O'Malley, Charles F. Billington, III, and Karey E. Werner,
*for appellees*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Plaintiff-appellant, Jessica Katz, D.O. ("Katz"), appeals the trial court's decision dismissing her complaint pursuant to Civ.R. 12(B)(6). For the reasons that follow, we reverse and remand for further proceedings.

## I. Procedural History and Factual Background

{¶ 2} Before addressing the merits of the case and setting forth the relevant factual background, this court takes notice that the trial court entered a protection order in this case that allowed the parties to submit pleadings and motions under seal. Those filings are unredacted documents. The parties then filed corresponding redacted documents that are publicly available. Regarding the appeal, Katz requested this court to permit the parties to submit and file their appellate briefs in the same manner as they did with the trial court. This court granted the motion. In keeping with the integrity of this court's order, we will attempt to limit our discussion to only the information contained in the publicly available, redacted appellate briefs and trial court filings.[1]

{¶ 3} In April 2021, Katz filed a civil action against defendants-appellees, University Hospitals Health System, Inc. ("UH"), Daniel Simon, M.D., Cliff Megerian, M.D., Sandhia Varyani, M.D., Nancy Cossler, M.D., James Liu, M.D., Marc Snelson, M.D., and Robyn Strosaker, M.D. (collectively "appellees").

---

[1] We note, however, that while the parties have redacted multiple court filings, the parties have been inconsistent with what information is deemed confidential or should be publicly available. Our review of the pertinent documents for this appeal show that neither party has asked to strike, in total, any documents that have been filed.

{¶ 4} On August 30, 2021, Katz filed a second "amended complaint and request for recision [sic] to invalidate and rescind contract signed under duress and induced by fraud" asserting 11 causes of action — (1) gender discrimination; (2) hostile work environment gender-based harassment; (3) promissory estoppel; (4) intentional misrepresentation; (5) fraudulent inducement; (6) breach of contract; (7) breach of the duty/covenant of good faith and fair dealing; (8) tortious interference with prospective employment/contract relationships; (9) rescission; (10) declaratory judgment; and (11) due process violation.[2]

{¶ 5} This lawsuit relates to actions taken by appellees during Katz's employment with UH as a physician practicing in the specialty of obstetrics and gynecology and to the events that unfolded during the negotiation of an employment separation agreement between Katz and UH.

{¶ 6} Katz alleged that during these negotiations, her counsel consistently maintained that any separation agreement between the parties would have to include (1) specific agreed-upon language regarding Katz's resignation, (2) certain agreed-upon language for UH's report to the National Practitioner's Data Bank ("NPDB"), and (3) the retention of particular rights. According to the second amended complaint, Katz alleged that counsel for UH made undisclosed material modifications to the agreement prior to Katz's execution and that UH's counsel

---

[2] This causes of action were identified in the second amended complaint as "Counts" and enumerated with roman numerals. We note, as did the trial court, that cause of action number 11 was misnumbered as "Count XII" in the second amended complaint. *See* docket Nos. 43 (filed under seal) and 44 (redacted public version).

made material misrepresentations to her counsel regarding the NPDB report, which allegedly contained non-agreed-upon language. According to Katz, these changes were not discovered until after the separation agreement was executed; thus, she alleges that the separation agreement is unenforceable because it was procured by fraud.

{¶ 7} On October 12, 2021, appellees moved to dismiss Katz's second amended complaint pursuant to Civ.R. 12(B)(6). Appellees contended that the separation agreement that Katz signed on September 29, 2019, contained certain provisions that precludes the claims Katz asserts in her second amended complaint. Appellees contended that neither fraud nor duress are present to support Katz's requested relief, including rescission of the separation agreement.

{¶ 8} Katz opposed the motion, contending that she had set forth viable claims for relief to prevent dismissal under Civ.R. 12(B)(6). In support, she attached multiple exhibits to her opposition, including email exchanges between counsel and drafts of the separation agreement.

{¶ 9} Appellees filed a reply initially contending that the exhibits Katz attached to her response were not appropriate because under a Civ.R. 12(B)(6) standard, only those documents attached to the complaint or properly incorporated by reference to the complaint can be considered. Appellees further contended that even if the trial court converted the motion to dismiss and Katz's response into a motion for summary judgment, the documents attached to Katz's response were not proper Civ.R. 56(C) material because the documents were not authenticated by an

affidavit. Regarding the merits of Katz's opposition, appellees maintained that certain provisions in the separation agreement preclude a majority of Katz's claims and the remaining claims independently fail to state a claim.

{¶ 10} The trial court did not convert appellees' Civ.R. 12(B)(6) motion to a motion for summary judgment. Instead it granted appellees' motion stating, in relevant part:

> [Appellees'] substituted motion to dismiss the second amended complaint, filed 10/12/2021, is granted. The court finds the parties executed a valid and enforceable separation agreement. Furthermore, the court finds *Brisco v. U.S. Restoration & Remodeling, Inc.*, 10th Dist. Franklin No. 18 AP-109. 2019-Ohio-5318, quoting *Ed Schory & Sons, Inc. v. Francis*, [75 Ohio St.3d 433, 662 N.E.2d 1074] (1996) persuasive:

> A person of ordinary mind cannot say that he was misled into signing a paper which was different from what he intended to sign when he could have known the truth by merely looking when he signed. * * * If this were permitted, contracts would not be worth the paper on which they are written. If a person can read and is not prevented from reading what he signs, he alone is responsible for his omission to read what he signs.

## II. The Appeal

{¶ 11} Katz now appeals, raising the following five assignments of error:

I. The trial court erred in relying on case law dealing with motions for summary judgment rather than motions to dismiss.

II. Katz asserted viable claims that should not have been dismissed on a [Civ.R.] 12(B)(6) motion.

III. The trial court erred in dismissing Katz's second amended complaint on a [Civ.R.] 12(B)(6) motion without considering all facts and claims.

IV. The trial court erred in dismissing Katz's second amended complaint on a [Civ.R.] 12(B)(6) motion without considering Katz's claim that she signed the separation agreement under duress.

V. When ruling on UH's motion to dismiss, the trial court erred by drawing inferences in favor of UH, the moving party, rather than Katz, the non-moving party.

## III. Standard of Review — Civ.R. 12(B)(6)

{¶ 12} When reviewing the sufficiency of a complaint, this court is mindful that Civ.R. 8(A) provides for notice pleading, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief to which the party claims to be entitled." In *Woods v. Sharkin*, 8th Dist. Cuyahoga No. 110567, 2022-Ohio-1949, this court recently reiterated the appropriate Civ.R. 12(B)(6) standard of review:

> We review rulings on Civ.R. 12(B)(6) motions to dismiss under a de novo standard. "A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. * * * Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *NorthPoint Props. v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). "For a trial court to grant a motion to dismiss for failure to state a claim upon which relief can be granted, it must appear 'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, [2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.)] quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2018-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.).

*Id.* at ¶ 28, quoting *Hersh v. Grumer*, 2021-Ohio-2582, 176 N.E.3d 1135, ¶ 5 (8th Dist.). "[A] court's factual review is confined to the four corners of the complaint." *Dabney v. Metro Appraisal Group, Inc.*, 8th Dist. Cuyahoga No. 106917, 2018-Ohio-4601, ¶ 15. However, items properly incorporated within the complaint may

be considered. *Woods* at ¶ 31, citing *Vail v. Plain Dealer Publishing Co.*, 72 Ohio St.3d 279, 280, 649 N.E.2d 182 (1995) (In a Civ.R. 12(B)(6) review, the court considered the news column and press release that were "attached to and incorporated by reference to her complaint."). Here, no objection has been raised regarding the consideration of any the documents referenced and incorporated in the complaint, to wit: (1) the separation agreement, and (2) the NPDB report.[3]

{¶ 13} Therefore, "'[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Woods* at ¶ 29, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991). Additionally, a court may not dismiss a complaint under Civ.R. 12(B)(6) merely because it doubts the plaintiff will prevail. *Id.*, citing *Bono v. McCutcheon*, 159 Ohio App.3d 571, 2005-Ohio-299, 824 N.E.2d 1013, ¶ 8 (2d Dist.).

## IV. Analysis

{¶ 14} The separation agreement executed by the parties is governed by traditional contract principles. In *Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, the Ohio Supreme Court described the requirements for formation of a contract:

> "A contract is generally defined as a promise, or a set of promises, actionable upon breach. Essential elements of a contract include an

---

[3] We note, however, that although Katz filed a second amended complaint, which referenced these documents as "Exhibits," they were not attached to her second amended complaint. Our review of the record reveals that these "exhibits" were attached to her first amended complaint. Again, no objection has been raised by either party that consideration of these documents was improper.

offer, acceptance, contractual capacity, consideration (the bargained for legal benefit and/or detriment), a manifestation of mutual assent and legality of object and of consideration."

*Id.* at ¶ 16, quoting *Perlmuter Printing Co. v. Strome, Inc.*, 436 F.Supp. 409, 414 (N.D.Ohio 1976); *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 19 (quoting *Kostelnik*). "A meeting of the minds as to the essential terms of the contract is a requirement to enforcing the contract." *Id.*, citing *Episcopal Retirement Homes, Inc. v. Ohio Dept. of Indus. Relations*, 61 Ohio St.3d 366, 369, 575 N.E.2d 134 (1991). And "[a] settlement agreement can only be rescinded upon claims such as fraud, duress, or undue influence." *In re J.E. P.-T.*, 8th Dist. Cuyahoga Nos. 104473 and 105098, 2017-Ohio-536, ¶ 8, citing *Hildebrand v. Hildebrand*, 8th Dist. Cuyahoga No. 96436, 2011-Ohio-5845, ¶ 14, citing *Mack v. Polson Rubber Co.*, 14 Ohio St.3d 34, 36, 470 N.E.2d 902 (1984).

{¶ 15} In this case, Katz has alleged both fraudulent inducement and duress. After thoroughly reviewing the necessary components of both fraudulent inducement and duress in conjunction with the accepted-as-true allegations set forth in Katz's complaint, we find that the allegations set forth in the complaint arguably establish a lack of a meeting of minds as to the essential terms of the separation agreement, to wit: whether Katz waived certain rights under the separation agreement and whether the NPBD report included information beyond that which was agreed upon by the parties.

{¶ 16} There is no dispute that the parties executed a separation agreement on September 29, 2019, that contains certain provisions including a release that could prohibit Katz from bringing a majority of her claims. Katz alleges that the separation agreement containing the release is unenforceable because it was procured by fraud. She alleges that appellees made an undisclosed material modification to the separation agreement prior to her execution of the agreement. She further alleges that UH's counsel made material misrepresentations upon which Katz and her counsel reasonably relied prior to executing the separation agreement. In support of her argument, she points to emails, text messages, phone conversations, and drafts of the agreement that were exchanged between the parties during the negotiation period.

{¶ 17} UH maintains that the separation agreement is valid and enforceable and was not procured or induced by fraud or duress because (1) no undisclosed material changes were made prior to Katz executing the agreement, (2) Katz and her counsel had a duty to read and review the agreement prior to execution, and (3) any omissions by UH or its attorneys are not actionable. In support, UH relies on the allegations in Katz's complaint referencing emails, text messages, phone conversations, and drafts of the agreement exchanged between respective counsel during negotiations of the separation agreement.

{¶ 18} As recognized by appellees in their motion to dismiss, "the majority of claims in this case depend on one issue: did [UH] commit fraud by failing to highlight a change in a draft of the separation agreement?" We agree with this

statement. However, in order to determine if and when the alleged material modification occurred, or if appellees committed fraud, consideration of evidence beyond the four corners of the complaint must occur, which is beyond a Civ.R. 12(B)(6) motion to dismiss.

{¶ 19} This case hinges on when the modification that Katz alleges was material to the separation agreement occurred and when counsel had notice of such modification. Is this a situation where a modification occurred at the last minute, or was the modification made in prior versions and counsel failed to recognize the material change? Evidence outside of the four corners of the complaint must be considered to resolve this issue.

{¶ 20} As for the NPDB report that was submitted and the code used, discovery will reveal whether the negotiation between the parties was merely based on the narrative language that would be included in the report or was the disclosure of the code the crucial component necessary for Katz to execute the separation agreement. Additionally, whether UH's usage of that particular code violated any provision of the separation agreement goes beyond the four corners of the complaint. Finally, whether another code should have been used based on any alleged agreement is a matter outside of this record.[4]

{¶ 21} We find that this case ultimately centers on discovery that is beyond a Civ.R. 12(B)(6) motion to dismiss. This court agrees with the language cited by the

---

[4] The NPDB Guidebook referenced by appellees in their motion to dismiss allegedly contains a list of codes that, according to Katz, contained other codes that would have been more appropriate considering the agreed-upon narrative.

trial court in support of its decision that parties have an obligation to read and review contracts before signing them. *See Brisco*, 10th Dist. Franklin No. 18 AP-109, 2019-Ohio-5318; and *Ed Schory & Sons*, 75 Ohio St.3d 433, 662 N.E.2d 1074. And this may very well be such a case. But considering the allegations in the complaint about the procedure purportedly utilized by the parties in its modification of the drafts during negotiation, the timing of the ultimate execution of the separation agreement, the time-constraints known by the parties in the execution of the separation agreement, and the allegations of material misrepresentations, we find that the allegations create an issue that cannot be resolved by a Civ.R. 12(B)(6) motion to dismiss.

{¶ 22} Whether Katz will ultimately prevail on her claims is not for this court or the trial court to consider at this stage of the proceedings. When reviewing the allegations in the complaint in favor of Katz, we find that Katz's complaint asserts a set of facts that would entitle her to relief. Accordingly, we find merit to Katz's third and fifth assignments of error and reverse the trial court's decision. Katz's other assignments of error also seeking reversal are hereby rendered moot.

{¶ 23} Judgment reversed and remanded for further proceedings.

It is ordered that appellant recover from appellees costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR