[Cite as *Berner v. New Leaf Residential Servs., Inc.*, 2024-Ohio-1788.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

LISA BERNER, AS GUARDIAN OF
EHREN JACKSON, ET AL.,                    :

      Plaintiffs-Appellees,            :

                                     No. 112841

      v.                               :

NEW LEAF RESIDENTIAL SERVICES,  :
INC., ET AL.,

                                       :

      Defendants-Appellees.            :

[Appeal by Cuyahoga County Board
of Developmental Disabilities]            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 9, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-965219

---

### *Appearances:*

Patrick S. Corrigan, *for appellees* New Leaf Residential
Services, Inc. and Northeast Ohio Management Group,
LLC.

Mokhtari Law Firm, LLC, and Al A. Mokhtari, *for appellee*
Lisa Berner, Individually and as Guardian of Ehren
Jackson.

McGown & Markling Co., L.P.A., and Matthew John
Markling, *for appellant*.

FRANK DANIEL CELEBREZZE, III, J.:

{¶ 1} Appellant Cuyahoga County Board of Developmental Disabilities ("CCBDD") challenges the decision of the Cuyahoga County Court of Common Pleas denying its motion to dismiss the amended complaint of appellee Lisa Berner ("Berner"), individually, and as guardian of Ehren Jackson, and the crossclaim of appellees New Leaf Residential Services and Northeast Ohio Management Group, LLC (collectively "New Leaf"). After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 2} This matter arose from injuries sustained by Berner's mentally disabled son, Ehren Jackson ("Jackson"), who was under the care of New Leaf as a resident of a home health agency that was overseen by CCBDD. Berner had notified New Leaf and CCBDD that Jackson had attempted to jump out of windows in the past and would need to be on the first floor; he also required constant supervision to prevent him from hurting himself.

{¶ 3} Jackson eloped from a second-floor window and landed on the concrete outside. He sustained fractures in both feet and ankles, requiring multiple surgeries and an extensive recovery.

{¶ 4} Berner filed suit against New Leaf and John Doe defendants, alleging claims for medical negligence, ordinary negligence, violation of the resident's bill of rights under R.C. 3721.13, and loss of consortium.

{¶ 5} Berner later amended her complaint to add CCBDD and North Coast Community Homes, Inc. ("North Coast") as defendants. New Leaf answered the amended complaint, asserting a crossclaim against CCBDD and North Coast seeking contribution and apportionment of liability, along with a counterclaim against Berner alleging negligence.

{¶ 6} CCBDD moved to dismiss both the amended complaint and the crossclaim based upon its claimed immunity from suit under R.C. Chapter 2744.

{¶ 7} The trial court denied the motions, finding

[p]laintiffs Cuyahoga County Board of Developmental Disability ("CCBDD") provided services to Ehren Jackson at a facility owned and operated by CCBDD. On 10/05/2020, while at the facility, Jackson was injured when he jumped out of a second story window and fell onto concrete. Plaintiffs allege that CCBDD negligently and recklessly failed to supervise Jackson.

CCBDD is alleging immunity from all claims pursuant to R.C. 2744. However, the lack of safety equipment or other safety features can constitute a physical defect within the grounds of a building used for a governmental function sufficient to invoke the exception of immunity in R.C. 2744.02(B)(4). *Doe, et al. v. Greenville City Schools, et al.*, 2022-Ohio-4618.

{¶ 8} CCBDD then filed the instant appeal, raising three assignments of error for our review:

1. The trial court erred in issuing an order denying the Cuyahoga County Board of Developmental Disabilities the benefits of immunity from liability as provided to political subdivisions pursuant to R.C. Chapter 2744 as the Cuyahoga County Board of Developmental Disabilities is entitled to the general grant of immunity pursuant to R.C. 2744.02(A)(1).

2. The trial court erred in issuing an order denying the Cuyahoga County Board of Developmental Disabilities the benefits of immunity

from liability as provided to political subdivisions pursuant to R.C. Chapter 2744 as the immunity exception set forth in R.C. 2744.02(B)(4) does not apply to the undisputed material facts of the instant case.

3. The trial court erred in issuing an order denying the Cuyahoga County Board of Developmental Disabilities the benefits of immunity from liability as provided to political subdivisions pursuant to R.C. Chapter 2744 as the Cuyahoga County Board of Developmental Disabilities is entitled to the additional immunity defenses set forth in R.C. 2744.03(A)(1), (2), (3), and (5).

## II. Law and Analysis

{¶ 9} Ordinarily the denial of a motion to dismiss would not be a final appealable order. However, when a trial court order denies a political subdivision or its employees the benefit of political subdivision immunity under R.C. Chapter 2744, that denial is a final appealable order. *Gates v. Leonbruno*, 2016-Ohio-5627, 70 N.E.3d 1110, ¶ 30 (8th Dist.); R.C. 2744.02(C).

{¶ 10} CCBDD's assignments of error are intertwined, and we will discuss them together. An appellate court reviews a ruling on a motion to dismiss pursuant to Civ.R. 12(B)(6) under the de novo standard. *NorthPoint Properties v. Petticord*, 179 Ohio App.3d 342, 2008-Ohio-5996, 901 N.E.2d 869, ¶ 11 (8th Dist.). De novo review requires this court to use the same standard as the trial court to determine whether genuine issues exist for trial. *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Cty. Commrs.*, 121 Ohio App.3d 188, 192, 699 N.E.2d 534 (8th Dist.1997). Such a motion "is procedural and tests the sufficiency of the complaint." *NorthPoint Properties* at ¶ 11.

{¶ 11} In reviewing the complaint, "we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party." *Id.*, citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584 (1991). A trial court may grant a motion to dismiss under Civ.R. 12(B)(6) if it appears "'beyond doubt from the complaint that the plaintiff can prove no set of facts entitling her to relief.'" *Graham v. Lakewood*, 2018-Ohio-1850, 113 N.E.3d 44, ¶ 47 (8th Dist.), quoting *Grey v. Walgreen Co.*, 197 Ohio App.3d 418, 2011-Ohio-6167, 967 N.E.2d 1249, ¶ 3 (8th Dist.). We may only consider the four corners of the complaint and any documents properly incorporated within the complaint. *Katz v. Univ. Hosps. Health Sys.*, 8th Dist. Cuyahoga No. 111164, 2022-Ohio-3328, ¶ 12. If there is a set of facts that would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss under this rule. *Id.* at ¶ 13, citing *Woods v. Sharkin*, 2022-Ohio-1949, 192 N.E.3d 1174, ¶ 29 (8th Dist.).

{¶ 12} Ohio's Political Subdivision Tort Liability Act, codified in R.C. Chapter 2744, "sets forth a comprehensive statutory scheme for the tort liability of political subdivisions and their employees." *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, 144 N.E.3d 369, ¶ 20, citing *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 11. R.C. 2744.02 governs the immunity of a political subdivision.

{¶ 13} There is a three-tiered analysis to determine whether a political subdivision is immune from liability under R.C. 2744.02. *Rankin v. Cuyahoga Cty. Dept. of Children & Family Servs.*, 118 Ohio St.3d 392, 2008-Ohio-2567, 889

N.E.2d 521, ¶ 8, citing *Cater v. Cleveland*, 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).

{¶ 14} R.C. 2744.02(A)(1) divides the functions of a political subdivision into two types, governmental functions and proprietary functions. Under the first tier, if a defendant is determined to be a political subdivision, it is immune from liability for its governmental and proprietary functions "in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision * * *."

{¶ 15} Under the second tier, the immunity conferred under R.C. 2744.02(A)(1) "'is not absolute, but is * * * subject to the five exceptions to immunity listed in * * * R.C. 2744.02(B).'" *Hortman v. Miamisburg*, 110 Ohio St.3d 194, 2006-Ohio-4251, 852 N.E.2d 716, ¶ 12, quoting *Cater* at 28.

{¶ 16} The third tier of political subdivision immunity analysis comes into operation if it is determined that one of the exceptions to immunity under R.C. 2744.02(B)(1) through (5) applies. Under the third tier, immunity can be reinstated if the political subdivision can demonstrate that one of the defenses under R.C. 2744.03 applies. *Id.*

{¶ 17} Under the first tier of the analysis, there is no dispute that CCBDD qualifies as a political subdivision. The next question is whether CCBDD was engaged in a governmental or proprietary function during the incident that caused the claimed loss. R.C. 2744.01(C)(2)(o) indicates that the operation of developmental disabilities facilities is a governmental function. Therefore, CCBDD

is entitled to immunity from suit unless Berner can establish under the second tier that one of the exceptions to immunity applies.

{¶ 18} In its motion to dismiss, CCBDD argued that none of the exceptions apply but acknowledged that Berner would likely argue that the "physical defect" exception in R.C. 2744.02(B)(4) was applicable. This subsection states that

> political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function.

{¶ 19} This court has held that all three characteristics must be present: (1) the injury was caused by employee negligence; (2) the injury occurred on the grounds or in buildings used in connection with the governmental activity; and (3) the injury occurred due to physical defects within the grounds or buildings. *Duncan v. Cuyahoga Community College*, 2012-Ohio-1949, 970 N.E.2d 1092, ¶ 26 (8th Dist.), citing *Hamrick v. Bryan City School Dist.*, 6th Dist. Williams No. WM-10-014, 2011-Ohio-2572, ¶ 25.

{¶ 20} The term "physical defect" is not statutorily defined. However, this court has adopted the following definition of "physical defect":

> "'The word "physical" is defined as "having a material existence: perceptible esp[ecially] through senses and subject to the laws of nature." Merriam Webster's New Collegiate Dictionary, 877 (10th Ed. 1996). A "defect" is "an imperfection that impairs worth or utility." *Id.* at 302. It would seem then that a "physical defect" is a perceivable imperfection that diminishes the worth or utility of the object at issue.'"

*Moncrief v. Bohn,* 2014-Ohio-837, 9 N.E.3d 508, ¶ 14 (8th Dist.), quoting *Duncan* at *id.*, quoting *Hamrick* at *id.*

{¶ 21} While it is true that the amended complaint does not use the term "physical defect," Berner did allege that the building had unprotected windows. The allegations in the amended complaint can be liberally construed to refer to employee negligence combined with a physical defect within the facility. In particular, paragraph 11 states:

> Defendants negligently and recklessly failed to adequately supervise [Jackson] despite advance notice that he needed to be housed on the first floor, due to risk of egress through unprotected windows, risk of significant resulting injury, and a need for around the clock supervision. * * *.

The amended complaint further alleges at paragraph 55 that defendants "fail[ed] to provide a safe environment for residents * * *."

{¶ 22} Ohio is a notice-pleading state that does not require a plaintiff to plead operative facts with particularity. *Granite City Ctr., LLC v. Bd. of Trustees*, 11th Dist. Trumbull No. 2020-T-0083, 2021-Ohio-1458, ¶ 21, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. Notice pleading requires the plaintiff to set forth claims that "concisely set forth only those operative facts sufficient to give 'fair notice of the nature of the action[.]'" *Diaz v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92907, 2010-Ohio-13, ¶ 15, quoting *DeVore v. Mut. of Omaha Ins. Co.*, 32 Ohio App.2d 36, 288 N.E.2d 202 (7th Dist.1972).

{¶ 23} When viewing the complaint in the light most favorable to Berner, we are satisfied that she has pleaded sufficient facts to suggest that CCBDD is not entitled to immunity under the exception under R.C. 2744.02(B)(4) for injuries caused by employee negligence and a defect on the premises. It should be remembered that Berner is not required at the pleading stage to prove her allegations and disprove governmental immunity; rather, she must only assert facts that, if believed, would state a claim for relief. *Diaz* at ¶ 15. Additionally, all reasonable inferences should be made in favor of Berner, the nonmoving party. *See Williams v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 92964, 2009-Ohio-6644 (allegations were sufficient under the notice pleading requirements of Civ.R. 8(A) to state a cause of action against CMHA where plaintiff alleged that her injury resulted from a physical defect within the grounds of a CMHA building used in connection with the performance of a governmental function).

{¶ 24} We now turn to the third tier of the immunity analysis — whether any defenses under R.C. 2744.03 apply. CCBDD argues that the following defenses apply under R.C. 2744.03 to restore its immunity:

(1) The political subdivision is immune from liability if the employee involved was engaged in the performance of a judicial, quasi-judicial, prosecutorial, legislative, or quasi-legislative function.

(2) The political subdivision is immune from liability if the conduct of the employee involved, other than negligent conduct, that gave rise to the claim of liability was required by law or authorized by law, or if the conduct of the employee involved that gave rise to the claim of liability was necessary or essential to the exercise of powers of the political subdivision or employee.

(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

* * *

(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.

R.C. 2744.03(A).

{¶ 25} Specifically, CCBDD asserts that each of these defenses applies because it ensured the distribution of public funds pursuant to the Individual Service Plan. However, whether a defense under R.C. 2744.03(A)(1), (2), (3), or (5) applies in this matter goes beyond the four corners of the complaint because it requires a factual determination regarding the actions of CCBDD and its employees. When reviewing a dismissal under Civ.R. 12(B)(6), if there is any set of facts under which the plaintiff can prevail, the motion must be denied. *Katz*, 8th Dist. Cuyahoga No. 111164, 2022-Ohio-3328, at ¶ 13.

{¶ 26} Accordingly, because we have found that Berner has sufficiently pleaded that an exception applies to CCBDD's blanket immunity and that it is not appropriate at this stage of the case to determine the applicability of the available defenses under R.C. 2744.03(A), the trial court properly denied the motion to dismiss Berner's amended complaint.

{¶ 27} The same analysis applies to New Leaf's crossclaim for contribution and apportionment of liability. The crossclaim against CCBDD alleged that any negligence on its part was remote and/or secondary to that of CCBDD. New Leaf stated that it relied upon CCBDD's information and guidance "regarding the adequacy of the facility * * * and the Individual Service Plan provided [to Jackson]" and that CCBDD "deviated from the standard of care[.]"

{¶ 28} Again, applying liberal pleading standards and the above analysis, we find that CCBDD is not entitled to immunity as to New Leaf's crossclaim, and the trial court properly denied the motion to dismiss.

{¶ 29} All of CCBDD's assignments of error are overruled.

### III. Conclusion

{¶ 30} The trial court did not err in denying CCBDD's motion to dismiss pursuant to Civ.R. 12(B)(6) because both Berner's amended complaint and New Leaf's crossclaim alleged sufficient facts under which they might plausibly demonstrate that the R.C. 2744.02(B)(4) exception to immunity was applicable.

{¶ 31} The judgment of the trial court is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

 

_____
FRANK DANIEL CELEBREZZE, III, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR